NEW YORK CENTRAL RAILROAD COMPANY v.
PUBLIC SERVICE COMMISSION

1. PUBLIC SERVICE COMMISSIONS—ADMINISTRATIVE LAW AND PROCEDURE—AGENCY DETERMINATION—REVIEW BY COURTS—SCOPE OF REVIEW.

Review of an order of the Michigan Public Service Commission by the circuit courts is limited to the question of whether or not the order is supported by competent, material, and substantial evidence; the trial judge may not substitute his judgment for that of the commission.

2. SAME—RAILROAD SERVICE—SUFFICIENCY OF EVIDENCE—REVIEW BY COURTS.

Public service commission order that plaintiff railroad must increase its service on a certain line *held*, not supported by evidence where the record shows that there was a reduction

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 610, 614, 678.
[2] 2 Am Jur 2d, Administrative Law §§ 678, 679, 683, 688.

in the use of plaintiff's facilities from 1,119 cars per year to 625 cars per year during one year, a power plant served by the railroad began bringing its coal by water instead of rail, and the commission's allegation that more frequent service was necessary for shippers of perishables was contradicted by the fact that perishables had not been carried by the railroad for years because of lack of refrigerated cars on the railroad's line.

Appeal from Ingham, Hughes (Sam Street), J. Submitted Division 2 November 15, 1968, at Lansing. (Docket No. 4,973.) Decided January 31, 1969.

Complaint by New York Central Railroad Company, a Delaware corporation, against the Michigan Public Service Commission to compel cancellation of an order to increase freight service. Judgment for plaintiff. Defendant appeals. Affirmed.

*Patrick E. Hackett,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David P. Van-Note,* Assistant Attorney General, for defendant.

R. B. BURNS, J. Defendant appeals a judgment of the Ingham county circuit court reversing defendant's order to increase plaintiff's freight service between Kalamazoo and South Haven.

Up to September 20, 1964, plaintiff rendered three-day-a-week service on its Kalamazoo-South Haven branch. On that date plaintiff reduced its service to two days a week and on March 15, 1965, reduced service to one day a week.

Defendant commission found that the service was inadequate and ordered plaintiff to restore its service to at least two days a week, not less than three days apart.

Plaintiff appealed defendant's order to the Ingham county circuit court. The trial judge found the order of the commission contrary to the weight of the evidence submitted, and unsupported by competent, material and substantial evidence.

Both plaintiff and defendant agree that the review of an order of the Michigan Public Service Commission by the circuit court is limited to whether or not the order is supported by competent, material and substantial evidence. The trial judge cannot substitute his judgment for that of the commission.

A comparison between the testimony taken before the commission and the commission's order shows many discrepancies. The commission's order stated that the reduction in service would cause inconvenience to shippers in South Haven because some shipments involved perishable commodities, and that one firm received 6 to 8 cars of fertilizer per week, which could be handled on a 2- or 3-day-per-week service, but the reduction in service would cause them great difficulty due to the lack of facilities.

The record does not substantiate these statements. The testimony established that no perishable merchandise had been shipped by railroad for years due to the lack of refrigerated cars on plaintiff's line. It was further established that the firm in question had never received over 3 cars of fertilizer at one time, but it was fearful that, with the reduced service, it might receive 6 or 8 cars in one week. Actually, during the entire year 1964, the company received only 20 cars of merchandise.

It was further established by the testimony, although not mentioned in the commission's order, that the South Haven power plant had reduced its use of plaintiff's facilities from 491 cars in 1963 to 150 cars in 1964, and for the year 1965 had requested all bidders for its coal consumption to figure bids

on the basis of water transportation. This change in operation was not caused by the reduced service of plaintiff but was due to the fact that water transportation was cheaper. There was a total reduction in the use of plaintiff's facilities in South Haven from 1,119 cars in 1963 to 625 cars in 1964.

In our opinion there was no competent evidence to support the ruling of the defendant.

Judgment of the trial court is affirmed. No costs.

Fitzgerald, P. J., and Robinson, J., concurred.